IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE APPLICATION OF CBS INTERACTIVE INC. AND BOXING ACQUISITION INC. PURSUANT TO 28 U.S.C. § 1782 FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No.  23-mc-23465 |

**APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING DISCOVERY FOR USE IN A FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM OF LAW**

BALLARD SPAHR LLP

Charles D. Tobin (Fla. Bar No. 816345)
Maxwell S. Mishkin (*pro hac vice* motion forthcoming)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Applicants CBS Interactive Inc.
and Boxing Acquisition Inc.*

CBS Interactive Inc. and Boxing Acquisition Inc. (together, the "Applicants") respectfully submit this application pursuant to 28 U.S.C. § 1782 for discovery in aid of a foreign proceeding from World Boxing Council, Inc. ("WBC"), a corporation located in this District. In support of this Application, the Applicants state as follows:

## PRELIMINARY STATEMENT

The Applicants are defendants in a civil action pending before the High Court of Justice in England (the "English Action"). The claimant in the English Action, British heavyweight boxer Dillian Whyte, has sued the Applicants over two news reports published on the *Boxing Scene* website in July 2019, which reported on an adverse test result that Whyte received from UK Anti-Doping ("UKAD"). Whyte has asserted privacy-related claims over those news reports against the Applicants arising under the common law and the European Union's General Data Protection Regulation.

As relevant to this Application, Whyte claims that WBC learned about the adverse test result from the *Boxing Scene* news reports and that WBC provisionally suspended his bid for the WBC Heavyweight Champion title as a result. Whyte alleges this caused him financial injury from, *inter alia*, missed opportunities to fight (including for the WBC Heavyweight Championship) and lost promotional agreements. This Application seeks deposition testimony and evidence from WBC, which has records and information relevant to Whyte's allegations in the English Action.

## FACTS AND PROCEDURAL HISTORY

### I. THE PARTIES

Dillian Whyte, the claimant in the English Action, is a British professional heavyweight boxer. *See Dillian Whyte*, Matchroom Boxing, https://www.matchroomboxing.com/boxers/

1

dillian-white/. Boxing Acquisition Inc., a defendant in the English Action, publishes *Boxing Scene*, a news website that has reported on the sport of boxing since 2003. *See About Us*, Boxing Scene, https://www.boxingscene.com/about. CBS Interactive Inc. is also a defendant in the English Action. WBC, which is not a party to the English Action, "is a non-profit organization that works motivated by the love for boxing with dedicated, loyal people who seek to safeguard the safety of boxers." *See WBC History*, https://wbcboxing.com/en/wbc/history/. In its annual Form 990 filing with the Internal Revenue Service, WBC lists its address as 2688 SW 137 Avenue in Miami, Florida. *See* https://apps.irs.gov/pub/epostcard/cor/980048605_201912_990O_2020100917364108.pdf at 1.

## II.  THE *BOXING SCENE* REPORTS

On July 20, 2019, Dillian Whyte defeated Oscar Rivas in a boxing match in London, England. *See* Luke Reddy, *Dillian Whyte beats Oscar Rivas despite knockdown in thrilling heavyweight bout*, BBC Sport (July 20, 2019), https://www.bbc.com/sport/boxing/49060470. At the time, Whyte "ha[d] been ranked as the WBC's number one heavyweight – behind champion [Deontay] Wilder – for more than 600 days." *Id.*

On July 24, 2019, *Boxing Scene* reported that "[m]ultiple sources have confirmed that an 'A' sample taken from Dillian Whyte tested positive for one or more banned substances prior to Whyte's July 20 fight in London against Oscar Rivas." *See* Thomas Hauser, *Dillian Whyte Tests Positive For Banned Substance*, Boxing Scene (July 24, 2019), https://www.boxingscene.com/dillian-whyte-tests-positive-banned-substance--141178. The July 24 report noted that while Whyte "is in the [WBC] Clean Boxing Program which is administered by the Voluntary Anti-Doping Association (VADA), the test in question was administered by UK Anti-Doping (UKAD)." *Id.* According to the report, "The positive test result is believed to have come back

on July 17" and "[a] knowledgeable source says that it was reported to the Whyte camp . . . and the British Boxing Board of Control by UKAD" before Whyte's fight with Rivas, and that "the BBBC allowed the fight to proceed as scheduled." *Id.*

The July 24 report then explained that "[u]nder rules in place in the United Kingdom, Whyte has a right of appeal. UKAD takes the position that, until the adjudication process is over and due process is complete, there has not been a finding that a fighter is in breach of its PED protocols and no sanctions can be put in place by the [BBBC]." *Id.* The report further noted that Whyte's fight with Rivas "was for the [WBC] 'interim' world heavyweight title," that Whyte had won the match, and that "[b]y virtue of his win, Whyte became the 'mandatory' challenger for Deontay Wilder's WBC heavyweight crown." *Id.* The report added, however, that "[i]t has been widely speculated that the WBC will elevate Wilder to 'franchise champion' status, thus eliminating the mandatory requirement that he fight Whyte," which "might further complicate Whyte's path to a fight against Wilder." *Id.*

On the following day, July 25, 2019, *Boxing Scene* published a follow-up report that "confirmed" the substances detected in Whyte's "A" sample were "epimethandienone and hydroxymethandienone, two metabolites of the banned drug Dianabol." *See* Thomas Hauser, *Dillian Whyte Tested Positive For Two Dianabol Metabolites*, Boxing Scene (July 25, 2019), https://www.boxingscene.com/dillian-whyte-tested-positive-two-dianabol-metabolites--141198. The July 25 report explained that "[a] metabolite is a byproduct of the body breaking down or metabolizing a drug into a different substance," and that "[t]he amount of epimethandienone and hydroxymethandienone found in Whyte's 'A' sample was very small," such that "[i]t could have been ingested as part of a supplement rather than the direct ingestion of Dianabol tablets." *Id.*

3

As the report explained, however, "any amount of epimethandienone or hydroxymethandienone in an athlete's system is a violation of the [World Anti-Doping Agency] code." *Id.* The report also noted that the Rivas team was not notified of the adverse test result prior to the fight. *Id.*

## III. THE ENGLISH ACTION

In 2020, Whyte filed a lawsuit against the Applicants in the High Court of Justice, Queen's Bench Division, in England. The High Court of Justice is an English trial court. A true and correct copy of Whyte's claim against the Applicants is attached as Exhibit 1 to the Declaration of Charles D. Tobin (the "Tobin Declaration") filed in support of this Application.

In his lawsuit, Whyte asserts that the July 24 and July 25 *Boxing Scene* reports invaded his privacy by publishing information protected under Article 8 of the European Convention on Human Rights ("ECHR") and that those reports constituted a breach of confidence and a breach of Article 5 of the European Union's General Data Protection Regulation ("GDPR"). Whyte claims that he incurred damages as a result of those two *Boxing Scene* reports, including because:

- Whyte alleges that, in response to the *Boxing Scene* reports, the WBC provisionally suspended his status as mandatory challenger for the WBC heavyweight champion title;

- Whyte alleges that the WBC became aware of the adverse test result through the *Boxing Scene* reports and would not have learned of the result if those reports had not been published;

- Whyte alleges that if the WBC had not provisionally suspended him, he would have fought an unidentified opponent in Fall 2019 and would have fought Wilder for the WBC Heavyweight Champion title by May 2020;

- Whyte alleges that a subsequent fight between Wilder and Tyson Fury, which took place in February 2020, was made possible by the WBC's decision to provisionally suspend Whyte's status;

- Whyte alleges that if he had remained Mandatory Challenger, Wilder would have been required by the WBC to fight Whyte by early 2020 or vacate the WBC Heavyweight Champion title;

4

- Whyte alleges that the WBC's suspension continues to cause him financial injury based on his lost status with the WBC; and

- Whyte alleges that he lost two potential promotional deals for future fights as a result of the *Boxing Scene* news reports and WBC's reaction thereto.

Given these allegations, the Applicants notified WBC by letter dated November 29, 2021 that they believe WBC has records in its possession that are relevant to Whyte's claims and allegations in the English Action. The Applicants requested that WBC produce these records voluntarily but noted that, in the absence of such cooperation, the Applicants would be obliged to obtain relief in federal court pursuant to 28 U.S.C. § 1782. Because WBC did not agree to produce these records voluntarily, the Applicants now respectfully seek this Court's assistance in obtaining discovery from WBC for use in the English Action.

## RELIEF REQUESTED

In light of the foregoing, the Applicants respectfully submit that WBC likely possesses information and records that are relevant to issues in dispute in the English Action. The Applicants therefore seek leave, pursuant to 28 U.S.C. § 1782, to serve subpoenas for documents and a deposition under Rules 30 and 45 of the Federal Rules of Civil Procedure. A proposed subpoena for relevant documents is attached as Exhibit 2 to the Tobin Declaration, and a proposed subpoena for deposition of a corporate representative is attached as Exhibit 3 to the Tobin Declaration.

## ARGUMENT

This Application is submitted pursuant to 28 U.S.C. § 1782, which "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*,

542 U.S. 241, 247 (2004). "The current embodiment of the law reflects the policy choice to 'provide efficient means of assistance in our federal courts for litigants involved in international litigation and [to] prompt foreign courts to follow our generous example and provide similar assistance to our court systems.'" *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015) (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 99 (2d Cir. 1992)).

The Supreme Court has recognized that it is appropriate to use Section 1782 in precisely the circumstances presented here – *i.e.*, to obtain discovery for use in a foreign proceeding from a nonparty witness that is located in the United States and thus is "outside the foreign tribunal's jurisdictional reach." *See Intel*, 542 U.S. at 264. This case therefore represents exactly the type of situation where "allowance of liberal discovery" is warranted and appropriate. *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002), *aff'd* 542 U.S. 241 (2004).

I.  **THIS APPLICATION SATISFIES THE REQUIREMENTS OF SECTION 1782**

By statute, a district court "of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Such an order may be made "upon the application of any interested person." *Id.* The Eleventh Circuit has identified "four prima facie requirements that must be established before a district court may exercise its authority under § 1782," namely:

> (1) the request must be made by a foreign or international tribunal, or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198-99 (11th Cir. 2016) (internal marks omitted).  "When these statutory requirements are satisfied, a district court is authorized—but not required—to provide judicial assistance to the applicant."  *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2019).

This Application involves a paradigmatic application of Section 1782.  The Applicants, as defendants in the English Action, are interested parties to an action pending before the trial court of England, which is an adjudicative body and tribunal, and the Applicants seek evidence – in the form of testimony and records – for use in that proceeding.  *See, e.g.*, *In re Novoship (UK) Ltd.*, No. 20-60876, 2020 U.S. Dist. LEXIS 107257, at *6 (S.D. Fla. June 17, 2020) (finding that application satisfies the statutory requirements of Section 1782 where the applicant "seeks documents in connection with an ongoing proceeding in which it is involved before the English High Court").  And as noted above, *see supra* at 2, WBC is located in this District.  This Application therefore satisfies all of the threshold requirements of Section 1782.

II. **THE *INTEL* FACTORS ALL SUPPORT GRANTING THIS APPLICATION**

Where, as here, an application for discovery in aid of a foreign proceeding meets the statutory requirements of Section 1782, a district court has discretion to order the requested discovery.  *Intel*, 542 U.S. at 264.  The Supreme Court has identified several factors to guide that exercise of discretion:

> (1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";
>
> (2) "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

  (3) "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

  (4) Whether the request is otherwise "unduly intrusive or burdensome."

*Id.* at 264-65; *see also In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007). All of these factors support granting the Application in this case.

**First**, WBC is not a participant in the English Action, and thus the need for the assistance of a U.S. court to secure evidence from a witness in the United States is "'apparent as it ordinarily is when evidence is sought from a nonparticipant.'" *Intel*, 542 U.S. at 264 (noting that Section 1782 is most helpful in obtaining evidence from third-party witnesses). Without the assistance of this Court, this evidence will likely be unavailable in the English Action.

**Second**, the English Action is pending in a fellow common law court, and "there is no indication that the courts of the United Kingdom would be unreceptive to American evidence and, in fact, § 1782 is routinely used to obtain evidence for proceedings in that country." *In re Novoship (UK) Ltd.*, 2020 U.S. Dist. LEXIS 107257, at *7. Indeed, in suggesting that courts should presume foreign governments would be amenable to U.S. federal-court judicial assistance, the Supreme Court cited an English case in which the House of Lords held that "nondiscoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United States under § 1782." *Intel*, 542 U.S. at 262 (citing *S.C. Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*, [1987] 1 App. Cas. 24).

**Third**, this Application does not seek to circumvent any foreign disclosure restrictions. *See, e.g.*, *In re England/Bahamas*, No. 20-mc-61696, 2021 U.S. Dist. LEXIS 142293, at *17 (S.D. Fla. July 30, 2021) (finding that this factor weighs in favor of granting an application

8

where the court "is unaware of any authority to support the conclusion that [England] would prohibit parties from obtaining and using deposition testimony obtained elsewhere").

**Fourth**, this Application seeks testimony and documents related to dealings between WBC and Whyte that Whyte has placed directly at issue through his claims in the English Action. These discovery requests are therefore necessary to develop evidence for the English Action and are neither unduly intrusive nor unduly burdensome. *See also In re Clerici*, 481 F.3d at 1335 (noting that if the target of discovery "wishe[s] to pursue [an] 'unduly intrusive' argument, [he] should file a motion to limit discovery").

Because this Application satisfies all of the discretionary *Intel* factors as well as the statutory Section 1782 factors, the Court should grant the Application and permit the Applicants to take the requested discovery from WBC for use in the English Action.

## CONCLUSION

For each and all of the foregoing reasons, the Applicants respectfully request that the Court grant the Application, permit Applicants to issue subpoenas to WBC and to proceed with discovery from WBC in a manner consistent with the Federal Rules of Civil Procedure and the Rules of this Court, and grant such other and further relief as the Court deems just and proper.

Dated: September 11, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
Maxwell S. Mishkin (*pro hac vice* motion forthcoming)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Applicants CBS Interactive Inc. and Boxing Acquisition Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, and that I have also caused a true and correct copy of the foregoing to be served by another manner authorized under Rule 5(b) of the Federal Rules of Civil Procedure on:

Alejandro Brito, Esq.
Brito PLLC
2121 Ponce de Leon Blvd.
Suite 650
Coral Gables, FL 33134
abrito@britopllc.com

*Counsel for World Boxing Council, Inc.*

/s/ *Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)